327 F.3d 1339
 DISABLED AMERICAN VETERANS and Veterans of Foreign Wars of the United States, Petitioners, and
National Organization of Veterans' Advocates, Inc., Petitioner, and
Paralyzed Veterans of America, Petitioner,
v.
SECRETARY OF VETERANS AFFAIRS, Respondent.
 No. 02-7304.
 No. 02-7305.
 No. 02-7316.
 United States Court of Appeals, Federal Circuit.
 DECIDED: May 1, 2003.
 
 COPYRIGHT MATERIAL OMITTED Ronald L. Smith, Disabled American Veterans, of Washington, DC, argued for petitioner Disabled American Veterans and Veterans of Foreign Wars of the United States. Of counsel on the brief was Donald E. Purcell.
 Kenneth M. Carpenter, Carpenter Chartered, of Topeka, KS, for petitioner National Organization of Veterans' Advocates, Inc.
 Michael P. Horan, Paralyzed Veterans of America, of Washington, DC, argued for petitioner Paralyzed Veterans of America. With him on the brief was Lawrence B. Hagel, General Counsel.
 Martin F. Hockey, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With him on the brief was David M. Cohen, Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel, and Michael J. Timinski, Staff Attorney, Department of Veterans Affairs, of Washington, DC.
 Before NEWMAN, GAJARSA, and LINN, Circuit Judges.
 GAJARSA, Circuit Judge.
 
 
 1
 Disabled American Veterans ("DAV"), Veterans of Foreign Wars of the United States ("VFW"), National Organization of Veterans' Advocates, Inc. ("NOVA"), and Paralyzed Veterans of America ("PVA") (collectively "petitioners") petition for review of regulations promulgated by the Department of Veterans Affairs ("VA"), 38 C.F.R. §§ 19.9, 19.31, 20.903, 20.1304 (2002), that permit the Board of Veterans' Appeals ("Board") to obtain evidence, clarify the evidence, cure a procedural defect, or perform any other action essential for a proper appellate decision in any appeal properly before it without having to remand the appeal to the agency of original jurisdiction ("AOJ") for initial consideration and without having to obtain the appellant's waiver. Petitioners challenge the regulations under 38 U.S.C. § 502 as arbitrary, capricious, an abuse of discretion, and not in accordance with various statutory provisions, including 38 U.S.C. §§ 5103, 7104, 7109.
 
 
 2
 We hold that 38 C.F.R. § 19.9(a)(2) is invalid because, in conjunction with the amended rule codified at 38 C.F.R. § 20.1304, it allows the Board to consider additional evidence without having to remand the case to the AOJ for initial consideration and without having to obtain the appellant's waiver. That is contrary to the requirement of 38 U.S.C. § 7104(a) that "[a]ll questions in a matter which ... is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." Moreover, we hold that 38 C.F.R. § 19.9(a)(2)(ii), which requires the Board "to provide the notice required by 38 U.S.C. [§]5103(a)" and "not less than 30 days to respond to the notice," is invalid because it is contrary to 38 U.S.C. § 5103(b), which provides the claimant one year to submit evidence. We hold, however, that the other rules challenged by petitioners are valid because they are not arbitrary, capricious, or contrary to law. Thus, we grant-in-part and deny-in-part the petitions for review, and we remand for further proceedings consistent with this opinion.
 
 I. BACKGROUND
 
 3
 A claim for VA benefits is initially decided by an AOJ, usually a VA regional office. See 38 U.S.C. § 7105(b)(1), (d)(1) (2000); 38 C.F.R. § 20.3(a) (2002). A claimant may appeal an adverse AOJ decision to the Secretary of Veterans Affairs ("Secretary"). 38 U.S.C. § 7104(a) (2000) ("All questions in a matter which ... is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary."); 38 C.F.R. § 20.101(a) (2002). By statute, final decisions on such appeals are made by the Board. 38 U.S.C. § 7104.
 
 
 4
 A claimant initiates appellate review by filing a Notice of Disagreement ("NOD") with the AOJ. 38 U.S.C. § 7105(a); 38 C.F.R. §§ 20.200, 20.300 (2002). The NOD is a written communication from the veteran expressing dissatisfaction or disagreement with an adjudicative decision of the VA. 38 C.F.R. § 20.201; see Collaro v. West, 136 F.3d 1304, 1308 (Fed.Cir.1998). After a claimant files a NOD, the AOJ must prepare a Statement of the Case ("SOC"), which includes a summary of pertinent evidence in the case, a citation to pertinent laws and regulations, a discussion of how those laws and regulations affect the decision, and a summary of the reasons for the decision. 38 U.S.C. § 7105(d)(1); 38 C.F.R. § 19.29 (2002); see Maggitt v. West, 202 F.3d 1370, 1375 (Fed. Cir.2000).
 
 
 5
 To complete the appeal to the Board, the claimant is required to file a Substantive Appeal with the AOJ within sixty days from the date the SOC is mailed. 38 U.S.C. § 7105(d)(3); 38 C.F.R. § 20.202 (2002). The AOJ then certifies the appeal to the Board and notifies the appellant that the appellate record has been transferred to the Board. 38 C.F.R. §§ 19.35, 19.36 (2002). A claimant appealing to the Board, that is, an "appellant," id. § 20.3(c), may submit additional evidence to the AOJ after initiating the appeal. See id. § 19.37 (2002). If the AOJ receives additional pertinent evidence or the SOC is otherwise inadequate with respect to the statutory requirements, the AOJ must prepare a Supplemental Statement of the Case ("SSOC"). Id. §§ 19.31(b)(1), 19.37(a), 20.1304. An SSOC informs the appellant of any material changes in, or additions to, the information included in the SOC or any prior SSOC. Id. § 19.31(b)(1).
 
 
 6
 On August 6, 2001, the VA published a notice of proposed rulemaking to permit the Board to obtain evidence, clarify the evidence, cure procedural defect, or perform any other action essential for a proper appellate decision in any appeal properly before it without having to remand the appeal to the AOJ, and invited public comments on the proposed rules. Board of Veterans' Appeals: Obtaining Evidence and Curing Procedural Defects Without Remanding, 66 Fed.Reg. 40,942 (Aug. 6, 2001). On January 23, 2002, the VA published the final rules, which were effective February 22, 2002, and applicable to appeals for which the NOD was filed on or after February 22, 2002, as well as to appeals pending at the Board, the United States Court of Appeals for Veterans Claims, or this court on that date. Board of Veterans' Appeals: Obtaining Evidence and Curing Procedural Defects Without Remanding, 67 Fed.Reg. 3099-3100 (Jan. 23, 2002).
 
 
 7
 Before the challenged regulations took effect, if the Board accepted evidence not already considered by the AOJ, either submitted to the Board by the appellant or referred to the Board by the AOJ, the VA's regulations required the Board to refer such evidence to the AOJ for review and preparation of an SSOC unless the appellant (or representative) waived in writing initial consideration by the AOJ or the Board could grant the benefits sought. 38 C.F.R. § 20.1304(c) (2001). The January 23, 2002, final rule eliminated that provision. 38 C.F.R. § 20.1304 (2002) (eliminating waiver requirement).
 
 
 8
 As a result of the amendments made by the final rule, the Board may accept or obtain evidence not considered by the AOJ when the AOJ decided the claim being appealed and consider that evidence in making its decision without referring that evidence to the AOJ for initial consideration or obtaining the appellant's waiver. 38 C.F.R. §§ 19.9(a)(2), 20.1304 (2002). The Board may also consider law not considered by the AOJ when it decided the claim being appealed, without remanding the case to the AOJ for initial consideration of the law. Id. § 19.9(b)(2). Because the Board may obtain or accept evidence and consider it without referring it to the AOJ for initial consideration, no SSOC relating to such evidence need be issued. Id. § 20.903. Petitioners timely seek review of the challenged rules, and we have jurisdiction to review the validity of the regulations challenged here pursuant to 38 U.S.C. § 502.
 
 II. DISCUSSION
 
 A. Standard of Review
 
 
 9
 This court directly reviews petitions under 38 U.S.C. § 502 in accordance with the standard of review in the Administrative Procedure Act ("APA"). See Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs, 314 F.3d 1373, 1378 (Fed.Cir.2003). The APA requires the reviewing court to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706 (2000); Liesegang v. Sec'y of Veterans Affairs, 312 F.3d 1368, 1372 (Fed.Cir.2002). Where a finding of fact or a discretionary action is involved, the APA requires the reviewing court to set aside agency actions that are:
 
 
 10
 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 11
 (B) contrary to constitutional right, power, privilege, or immunity;
 
 
 12
 (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or]
 
 
 13
 (D) without observance of procedure required by law....
 
 
 14
 5 U.S.C. § 706(2)(A)-(D). "This review is `highly deferential' to the actions of the agency." See Disabled Am. Veterans v. Gober, 234 F.3d 682, 691 (Fed.Cir.2000) (quoting LeFevre v. Sec'y of Veterans Affairs, 66 F.3d 1191, 1199 (Fed.Cir.1995) (quoting Ethyl Corp. v. Envtl. Prot. Agency, 541 F.2d 1, 34 (D.C.Cir.1976))), cert. denied, 532 U.S. 973, 121 S.Ct. 1605, 149 L.Ed.2d 471 (2001).
 
 
 15
 The first inquiry under 5 U.S.C. § 706, in which we interpret the meaning of relevant statutes, is governed by the standards established by the Supreme Court in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). In Regions Hospital v. Shalala, the Supreme Court explained:
 
 
 16
 Under the formulation now familiar, when we examine the Secretary's rule interpreting a statute, we ask first whether "the intent of Congress is clear" as to "the precise question at issue." Chevron, 467 U.S. at 842, 104 S.Ct. 2778. If, by "employing traditional tools of statutory construction," id. at 843 n. 9, 104 S.Ct. 2778, we determine that Congress' intent is clear, "that is the end of the matter," id. at 842, 104 S.Ct. 2778. But "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843, 104 S.Ct. 2778. If the agency's reading fills a gap or defines a term in a reasonable way in light of the Legislature's design, we give that reading controlling weight, even if it is not the answer "the court would have reached if the question initially had arisen in a judicial proceeding." Id. at 843 n. 11, 104 S.Ct. 2778.
 
 
 17
 522 U.S. 448, 457, 118 S.Ct. 909, 139 L.Ed.2d 895 (1998) (citations abbreviated). Thus, Chevron deference applies if Congress is either silent or ambiguous on a particular issue. However, when interpreting statutes relating to veterans, "interpretative doubt is to be resolved in the veteran's favor." Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs, 260 F.3d 1365, 1378 (Fed.Cir.2001) (citing Brown v. Gardner, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994)).
 
 
 B. Retroactivity
 
 
 18
 PVA, citing Bowen v. Georgetown University Hospital, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), contends that the VA may not apply the challenged regulations to appeals that were pending on the effective date because that would give them impermissible retroactive effect. We find PVA's position to be meritless.
 
 
 19
 The Supreme Court has held that a statute will not be given retroactive effect unless Congress has made its contrary intention clear. Landgraf v. USI Film Prods., 511 U.S. 244, 272-73, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); Bowen, 488 U.S. at 208, 109 S.Ct. 468. A regulation, however, does not operate retroactively simply because it takes into consideration conduct antedating the regulation's effective date or upsets expectations based in prior law. See, e.g., Landgraf, 511 U.S. at 269, 114 S.Ct. 1483 (citing Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 100, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992) (Thomas, J., concurring-in-part)); Travenol Labs., Inc. v. United States, 118 F.3d 749, 752-53 (Fed. Cir.1997). Rather, a law has an impermissible retroactive effect if, in the absence of congressional intent to the contrary, "it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280, 114 S.Ct. 1483.
 
 
 20
 The Supreme Court has "regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed." Id. at 274, 114 S.Ct. 1483. Such jurisdictional statutes are generally applied to pending cases because "[a]pplication of a new jurisdictional rule usually `takes away no substantive right but simply changes the tribunal that is to hear the case.'" Id. (quoting Hallowell v. Commons, 239 U.S. 506, 508, 36 S.Ct. 202, 60 L.Ed. 409 (1916)). In the instant case, by attempting to change whether the Board may obtain evidence on behalf of a claimant or adjudicate the effect of a law not previously considered, the VA neither altered the parties' substantive rights nor created new legal obligations or liabilities; it merely changed which office within the VA would obtain the evidence or adjudicate the effect of a law not previously considered. Present law normally governs in such situations because jurisdictional regulations "speak to the power of the court rather than to the rights or obligations of the parties." Id. (quoting Republic Nat'l Bank of Miami, 506 U.S. at 100, 113 S.Ct. 554). Thus, the challenged regulations, if valid, may be properly applied to appeals that were pending on the effective date.
 
 
 C. Validity of the Challenged Regulations
 
 
 21
 
 1. 38 C.F.R. § 19.9 Further development.
 
 
 
 22
 Section 19.9 of title 38, Code of Federal Regulations, states:
 
 
 23
 (a) General. If further evidence, clarification of the evidence, correction of a procedural defect, or any other action is essential for a proper appellate decision, a Board Member or panel of Members may:
 
 
 24
 (1) Remand the case to the agency of original jurisdiction, specifying the action to be undertaken; or
 
 
 25
 (2) Direct Board personnel to undertake the action essential for a proper appellate decision.
 
 
 26
 (i) Any such action shall comply with the provisions of § 3.159(a) and (c)-(f) of this chapter (relating to VA's assistance to claimants in developing claims).
 
 
 27
 (ii) If the Board undertakes to provide the notice required by 38 U.S.C. [§] 5103(a) and/or § 3.159(b)(1) of this chapter, the appellant shall have not less than 30 days to respond to the notice. If, following the notice, the Board denies a benefit sought in the pending appeal and the appellant submits relevant evidence after the Board's decision but before the expiration of one year following the notice, that evidence shall be referred to the agency of original jurisdiction. If any evidence so referred, together with the evidence already of record, is subsequently found to be the basis of an allowance of that benefit, the award's effective date will be the same as if the Board had granted the benefit in the appeal pending when the notice was provided.
 
 
 28
 (b) Examples. A remand to the agency of original jurisdiction is not necessary:
 
 
 29
 (1) To clarify a procedural matter before the Board, including the appellant's choice of representative before the Board, the issues on appeal and requests for a hearing before the Board; or
 
 
 30
 (2) For the Board to consider an appeal in light of law, including but not limited to statute, regulation, or court decision, not already considered by the agency of original jurisdiction.
 
 
 31
 (c) Scope. This section does not apply to:
 
 
 32
 (1) The Board's request for an opinion under Rule 901 (§ 20.901 of this chapter);
 
 
 33
 (2) The Board's supplementation of the record with a recognized medical treatise; and
 
 
 34
 (3) Matters over which the Board has original jurisdiction described in Rules 609 and 610 (§§ 20.609 and 20.610 of this chapter).
 
 
 35
 38 C.F.R. § 19.9 (2002) (emphases added). Section 19.9, in conjunction with 38 C.F.R. § 20.1304, permits the Board to obtain evidence and consider law not previously considered by the AOJ without having to remand the appeal to the AOJ and without having to obtain the appellant's waiver. Compare 38 C.F.R. § 20.1304(c) (2001) (providing that "[a]ny pertinent evidence... accepted by the Board ... must be referred to the [AOJ] for review and preparation of a Supplemental Statement of the Case unless this procedural right is waived by the appellant"), with 38 C.F.R. § 20.1304 (2002) (eliminating waiver requirement). Section 19.9(a)(2)(ii) also requires the Board "to provide the notice required by 38 U.S.C. [§] 5103(a)" and "not less than 30 days to respond to the notice."
 
 
 36
 Petitioners argue that the Board's status as an appellate tribunal prevents the Board from developing evidence and that § 19.9(a)(2) is contrary to various statutes, including 38 U.S.C. § 7104, which requires that decisions by the Secretary shall be subject to one review on appeal to the Secretary. NOVA contends that § 19(a)(2)(ii) is inconsistent with the notice and time limitations imposed under 38 U.S.C. § 5103. NOVA and PVA also argue that § 19.9(b)(2), which permits the Board to consider law not already considered by the AOJ, is contrary to 38 U.S.C. § 7104.
 
 
 37
 The VA responds that § 19.9 does not deprive appellants of the right to one review on appeal to the Secretary because § 7104(a) does not require that all questions decided by the Board be the subject of a prior decision of the AOJ. The VA contends that § 19.9(a)(2)(ii) does not conflict with the one-year time period of § 5103(b), because if the Board denies a benefit and the appellant submits evidence after the Board's decision, but before expiration of a one-year period following the notice, and that evidence ultimately provides the basis for allowing the benefit, the award's effective date will be the same as if the Board had granted the benefit in the appeal pending when it provided the notice. Finally, the VA argues that amended § 19.9 will improve the efficiency of the review on appeal to the Secretary by allowing the Secretary to avoid unnecessary and time consuming remands for further evidence gathering. 66 Fed.Reg. at 40,943.
 
 
 38
 First, we find that § 19.9(a)(2) is inconsistent with 38 U.S.C. § 7104(a). The Board is "primarily an appellate tribunal" of the VA that decides appeals from denials of claims for veterans' benefits. Scates v. Principi, 282 F.3d 1362, 1366-67 (Fed.Cir.2002). Section 7104, entitled "Jurisdiction of the Board," provides in pertinent part:
 
 
 39
 (a) All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board. Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.
 
 
 40
 (b) Except as provided in section 5108 of this title, when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered.
 
 
 41
 38 U.S.C. § 7104(a), (b) (emphasis added); see also 38 C.F.R. § 20.101 (2002) (outlining jurisdiction of the Board). Section 511(a) of title 38, United States Code, states that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a) (2000). The statutory reference to the "Secretary" cannot be interpreted to refer only to the AOJ. By statute, the Board is an agent of the Secretary, as are the AOJs. See 38 U.S.C. § 7101(a) (2000) ("There is in the Department a Board of Veterans' Appeals...."). Together, §§ 511(a) and 7104(a) dictate that the Board acts on behalf of the Secretary in making the ultimate decision on claims and provides "one review on appeal to the Secretary" of a question "subject to decision by the Secretary" under § 511(a). Id. § 7104(a). Section 7104(b) establishes a jurisdictional bar to the reconsideration of a claim that has previously been disallowed by the Board in the absence of new and material evidence as required by 38 U.S.C. § 5108. See Barnett v. Brown, 83 F.3d 1380, 1383 (Fed.Cir.1996); cf. 38 U.S.C. § 7111 (2000) (stating that decisions of the Board may also be revised for clear and unmistakable error).
 
 
 42
 Section 19.9(a)(2), in conjunction with the amended rule codified at 38 C.F.R. § 20.1304, is inconsistent with 38 U.S.C. § 7104(a), because § 19.9(a)(2) denies appellants "one review on appeal to the Secretary" when the Board considers additional evidence without having to remand the case to the AOJ for initial consideration and without having to obtain the appellant's waiver. Indeed, Congress unambiguously addressed this issue in 38 U.S.C. § 7104(a) by decreeing that "[a]ll questions in a matter which ... is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." The VA therefore has no choice but to give effect to Congress's clear intent. See Chevron, 467 U.S. at 842-43, 104 S.Ct. 2778. In compliance with that command, the VA has — until now — generally required the Board, when considering additional evidence, to remand the case to the AOJ or obtain the appellant's waiver. See 38 C.F.R. §§ 19.9, 20.1304 (2001); cf. INS v. Ventura, ___ U.S. ___, 123 S.Ct. 353, 355, 154 L.Ed.2d 272 (2002) (per curiam) (noting that the lower-level decisionmaker can "bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a [higher] court later determine whether its decision" is appropriate). When the Board obtains evidence that was not considered by the AOJ and does not obtain the appellant's waiver, however, an appellant has no means to obtain "one review on appeal to the Secretary," because the Board is the only appellate tribunal under the Secretary.
 
 
 43
 Moreover, the veteran is not effectively able to object to any of the additional evidence obtained by the Board until after the Board weighs the evidence and decides the appeal. Although 38 C.F.R. § 20.903, infra Part II.C.3, requires the Board to notify the appellant of evidence it has obtained, this notice does not include a statement of the weight the Board intends to assign to new evidence, an assessment of whether the evidence is determinative, significant, or of minimal impact, or a statement whether the new evidence will likely result in the denial of the appeal, and a list of the claimant's options. Accordingly, a mere statement of additional evidence, without more, does not provide for the veteran to explore effectively a basis for "one review on appeal to the Secretary" with respect to the additional evidence as required by 38 U.S.C. § 7104(a).
 
 
 44
 Furthermore, we note that when Congress intended to authorize the Board to obtain additional evidence without "one review on appeal to the Secretary," it knew how to do so. Congress has provided express statutory authority to permit the Board to obtain additional evidence, such as expert medical opinions in specific cases. See, e.g., 38 U.S.C. § 5107(a) (2000) (authorizing Board to obtain medical opinions from the VA's Under Secretary for Health (formerly the Chief Medical Director)); 38 U.S.C. § 7109 (2000) (authorizing Board to obtain independent medical opinions from outside the VA); 38 C.F.R. § 20.901(a) (2002) (authorizing Board to obtain opinions from the Veterans Health Administration); 38 C.F.R. § 20.901(b) (authorizing Board to obtain medical opinions from the Armed Forces Institute of Pathology). Finally, even though the amendments to § 19.9 may further the VA's stated objective of efficiency, striking the sensible balance between decreasing appeal processing times and the competing public policy of protecting an appellant's right to due process is a matter for Congress, not this court. Accordingly, we find that § 19.9(a)(2), in the manner it operates in tandem with 38 C.F.R. § 20.1304, is contrary to the requirement of 38 U.S.C. § 7104(a) that "[a]ll questions in a matter which ... is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." We therefore hold that, as it operates with 38 C.F.R. § 20.1304, § 19.9(a)(2) is invalid.
 
 
 45
 Second, we also agree with petitioners' argument that § 19.9(a)(2)(ii), which provides "no less than 30 days to respond to notice," is contrary to 38 U.S.C. § 5103(b). Section 5103, entitled "Notice to claimants of required information and evidence," provides:
 
 
 46
 (a) Required information and evidence. — Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.
 
 
 47
 (b) Time limitation. — (1) In the case of information or evidence that the claimant is notified under subsection (a) is to be provided by the claimant, if such information or evidence is not received by the Secretary within one year from the date of such notification, no benefit may be paid or furnished by reason of the claimant's application.
 
 
 48
 (2) This subsection shall not apply to any application or claim for Government life insurance benefits.
 
 
 49
 38 U.S.C. § 5103 (emphasis added). Under 38 U.S.C. § 5103(a), when the VA receives a complete or substantially complete application for benefits, it must notify the claimant of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. In the case of information or evidence that the VA tells the claimant he or she must provide, § 5103(b)(1) provides that, if such information or evidence is not received by the VA within one year from the date of the notification, no benefit may be paid or furnished by reason of the claimant's application.
 
 
 50
 Under amended § 19(a)(2)(ii), if for some reason an appeal has reached the Board without the AOJ having provided the notice required by 38 U.S.C. § 5103(a), § 19.9(a)(2)(ii) permits the Board to cure that procedural defect and to require a response period of "not less than 30 days." Section 19.9(a)(2)(ii)'s misleading characterization of the law may lead unsuspecting claimants to believe that they must supply the requested evidence within thirty days. Federal law, however, does not so require. The law under 38 U.S.C. § 5103(a) provides the claimant one year to submit evidence. Although the thirty-day response period may well reduce appeal resolution and claim processing time, we doubt that Congress authorized the VA to accomplish this purpose by misleading claimants. This is especially prejudicial to veterans during the non-adversarial stages of disputes over benefits, when veterans rely on the strongly and uniquely pro-claimant character of the veterans' benefits system and pursue their statutory entitlements without the assistance of legal counsel. See 38 U.S.C. § 5904(c)(1) (2000) (prohibiting fee agreements with an attorney until the Board issues a final decision). Accordingly, the thirty-day limitation imposes a misleading hurdle to the claimant by attempting to accelerate the closing of the claim file but not notifying the unsuspecting claimant that he or she has a full year to submit the evidence and still be within the statutory one-year time period.
 
 
 51
 Moreover, if an appeal is lodged more than 120 days after the decision is issued and has become final, § 19.9(a)(2)(ii) does not specify whether any evidence at that point needs to meet the requirements of new and material evidence. See 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a) (2002). Although § 19.9(a)(2)(ii) permits the appellant to submit evidence to the AOJ after the Board denies a benefit, it prejudices claimants by not providing the statutory one-year period to submit evidence before the Board denies the claim, because under 38 U.S.C. § 7104(b), the Secretary is authorized to reopen such claims only "if new and material evidence is presented or secured." 38 U.S.C. § 5108; see 38 C.F.R. § 3.156(a) (2002); Spencer v. Brown, 17 F.3d 368, 371-72 (Fed.Cir.1994). Accordingly, the unreasonably misleading nature of § 19.9(a)(2)(ii), coupled with the lack of specification as to whether any evidence after the Board issues a final decision needs to meet the requirements of new and material evidence, provides sufficient grounds for us to hold the regulation contrary to 38 U.S.C. § 5103(b).
 
 
 52
 Third, we do not find § 19.9(b)(2), which permits the Board to consider law not considered by the AOJ, contrary to 38 U.S.C. § 7104; nor is it arbitrary or capricious. Whenever the Board considers whether the proper law was applied by the AOJ in a particular claim, the Board inherently provides legal questions "one review on appeal to the Secretary" as required by § 7104(a). In addition, because 38 U.S.C. § 7104(a) requires that "[d]ecisions of the Board shall be based ... upon consideration of all ... applicable provisions of law and regulation," § 19.9(b)(2) is a reasonable exercise of the VA's rulemaking ability under Chevron. Moreover, we note that, independent of 38 U.S.C. § 7104(a), a process of review is available to the veteran if the Board considers law not considered by the AOJ. The Veterans' Judicial Review Act of 1988, Pub.L. No. 10-687, 102 Stat. 4051-92 (1988) ("VJRA"), established a multi-tiered framework for the adjudication of claims regarding veterans' benefits. The United States Court of Appeals for Veterans Claims ("Veterans Court"), an Article I court established by Congress in the VJRA, has exclusive jurisdiction over appeals from the final decisions by the Board. 38 U.S.C §§ 7252(a), 7266 (2000). This court has exclusive appellate jurisdiction over decisions of the Veterans Court. 38 U.S.C.A. § 7292 (West WESTLAW through 2003). Finally, if necessary, an appellant may petition the United States Supreme Court to review decisions of this court. See 38 U.S.C. § 7291 (2000). Accordingly, we find that the VA's interpretation was reasonable, and therefore, we defer to the VA's interpretation that the Board's status as an appellate body does not bar it from considering law not considered by the AOJ.
 
 
 53
 
 2. 38 C.F.R. § 19.31 Supplemental statement of the case.
 
 
 
 54
 Section 19.31 of title 38, Code of Federal Regulations, states: (a) Purpose and limitations. A "Supplemental Statement of the Case," so identified, is a document prepared by the agency of original jurisdiction to inform the appellant of any material changes in, or additions to, the information included in the Statement of the Case or any prior Supplemental Statement of the Case. In no case will a Supplemental Statement of the Case be used to announce decisions by the agency of original jurisdiction on issues not previously addressed in the Statement of the Case, or to respond to a notice of disagreement on newly appealed issues that were not addressed in the Statement of the Case. The agency of original jurisdiction will respond to notices of disagreement on newly appealed issues not addressed in the Statement of the Case using the procedures in §§ 19.29 and 19.30 of this part (relating to statements of the case).
 
 
 55
 (b) When furnished. The agency of original jurisdiction will furnish the appellant and his or her representative, if any, a Supplemental Statement of the Case if:
 
 
 56
 (1) The agency of original jurisdiction receives additional pertinent evidence after a Statement of the Case or the most recent Supplemental Statement of the Case has been issued and before the appeal is certified to the Board of Veterans' Appeals and the appellate record is transferred to the Board;
 
 
 57
 (2) A material defect in the Statement of the Case or a prior Supplemental statement [sic] of the Case is discovered; or
 
 
 58
 (3) For any other reason the Statement of the Case or a prior Supplemental Statement of the Case is inadequate.
 
 
 59
 (c) Pursuant to remand from the Board. The agency of original jurisdiction will issue a Supplemental Statement of the Case if, pursuant to a remand by the Board, it develops the evidence or cures a procedural defect, unless:
 
 
 60
 (1) The only purpose of the remand is to assemble records previously considered by the agency of original jurisdiction and properly discussed in a prior Statement of the Case or Supplemental Statement of the Case; or
 
 
 61
 (2) The Board specifies in the remand that a Supplemental Statement of the Case is not required.
 
 
 62
 38 C.F.R. § 19.31 (2002) (emphases added). Section 19.31 requires the AOJ to prepare an SSOC if there are any material changes in, or additions to, the information included in the SOC or any prior SSOC.
 
 
 63
 NOVA argues that § 19.31 denies veterans the due process and appellate rights granted by 38 C.F.R. § 3.103 because § 19.31 does not require the issuance of an SSOC if the Board obtains evidence after the appeal has been certified. The VA responds there is no conflict because nothing in 38 C.F.R. § 3.103 expressly requires the issuance of an SSOC.
 
 
 64
 Section 19.31 does not conflict with 38 C.F.R. § 3.103. Section 3.103 provides a claimant the right to written notice of the decision made on his or her claim, 38 C.F.R. § 3.103(a), and to notice of any VA decision affecting the payment of benefit or the granting of relief, id. § 3.103(b)(1), (f). Section 3.103 also provides a claimant the right to a hearing, to representation, and to submit evidence. Id. § 3.103(a), (c), (d), (e). Section 3.103, however, does not require the issuance of an SSOC if the Board obtains evidence after the appeal has been certified. Instead, as discussed below, infra Part II. C.3, if the Board secures evidence or considers law not already considered by the AOJ, 38 C.F.R. § 20.903(b) requires that the Board notify the appellant and his or her representative, if any, of evidence it has obtained and provides a sixty-day response period. Furthermore, we note that 38 U.S.C. § 7104(e) requires the Board to provide written notice of its decision to the appellant and the appellant's representative, if any, when the Board decides an appeal. Accordingly, we find § 19.31 to be valid.
 
 
 65
 
 3. 38 C.F.R. § 20.903 Notification of evidence secured and law to be considered by the Board and opportunity for response.
 
 
 
 66
 Section 20.903 of title 38, Code of Federal Regulations, states:
 
 
 67
 (a) If the Board obtains a legal or medical opinion. If the Board requests an opinion pursuant to Rule 901 (§ 20.901 of this part), the Board will notify the appellant and his or her representative, if any. When the Board receives the opinion, it will furnish a copy of the opinion to the appellant's representative or, subject to the limitations provided in 38 U.S.C. § 5701(b)(1), to the appellant if there is no representative. A period of 60 days from the date the Board furnishes a copy of the opinion will be allowed for response, which may include the submission of relevant evidence or argument. The date the Board furnishes a copy will be presumed to be the same as the date of the letter or memorandum that accompanies the copy of the opinion for purposes of determining whether a response was timely filed.
 
 
 68
 (b) If the Board obtains other evidence. If, pursuant to § 19.9(a) or § 19.37(b) of this chapter, the Board obtains pertinent evidence that was not submitted by the appellant or the appellant's representative, the Board will notify the appellant and his or her representative, if any, of the evidence obtained by furnishing a copy of such evidence. A period of 60 days from the date the Board furnishes the notice will be allowed for response, which may include the submission of relevant evidence or argument. The date the Board furnishes the notice will be presumed to be the same as the date of the letter or memorandum that accompanies the notice for purposes of determining whether a response was timely filed.
 
 
 69
 (c) If the Board considers law not already considered by the agency of original jurisdiction. If the Board intends to consider law not already considered by the agency of original jurisdiction and such consideration could result in denial of the appeal, the Board will notify the appellant and his or her representative, if any, of its intent to do so and that such consideration in the first instance by the Board could result in denial of the appeal. The notice from the Board will contain a copy or summary of the law to be considered. A period of 60 days from the date the Board furnishes the notice will be allowed for response, which may include the submission of relevant evidence or argument. The date the Board furnishes the notice will be presumed to be the same as the date of the letter that accompanies the notice for purposes of determining whether a response was timely filed. No notice is required under this paragraph if the Board intends to grant the benefit being sought or if the appellant or the appellant's representative has advanced or otherwise argued the applicability of the law in question.
 
 
 70
 38 C.F.R. § 20.903 (2002) (emphasis added). If the Board secures evidence or considers law not already considered by the AOJ, § 20.903 requires that the Board notify the appellant and his or her representative of evidence it has obtained and provides a sixty-day response period. Id.
 
 
 71
 NOVA contends that § 20.903 is inconsistent with the notice and one-year time period to submit evidence imposed under 38 U.S.C. § 5103, because § 20.903 permits the Board to secure evidence and decide a claim without notifying the claimant of the evidence necessary to substantiate the claim and provides only a sixty-day period to respond to the notice. In response, the VA attempts to analogize § 20.903(b)'s notice and sixty-day response period to 38 U.S.C. § 7105(d)(3)'s SOC and sixty-day response period.
 
 
 72
 We do not find that § 20.903 is contrary to 38 U.S.C. § 5103; nor is it arbitrary or capricious. As discussed above, supra Part II.C.1, the notice of required information and evidence and the one-year period to submit evidence in 38 U.S.C. § 5103 are expressly applicable to information and evidence requested from a claimant by the VA in response to receiving a "complete or substantially complete application." These limitations, however, do not apply to an appellant's opportunity to respond to the § 20.903 notice if the Board secures evidence, which was not requested from a claimant by the VA, or considers law not already considered by the AOJ. Accordingly, this notice provision, requiring the Board to notify the appellant and his or her representative, if any, of evidence the Board has secured, is not contrary to 38 U.S.C. § 5103; nor is it arbitrary or capricious.
 
 
 73
 
 4. 38 C.F.R. § 20.1304 Request for change in representation, request for personal hearing, or submission of additional evidence following certification of an appeal to the Board of Veterans' Appeals
 
 
 
 74
 Section 20.1304 of title 38, Code of Federal Regulations, states in relevant part:
 
 
 75
 (a) Request for a change in representation, request for a personal hearing, or submission of additional evidence within 90 days following notification of certification and transfer of records. An appellant and his or her representative, if any, will be granted a period of 90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board, or until the date the appellate decision is promulgated by the Board of Veterans' Appeals, whichever comes first, during which they may submit a request for a personal hearing, additional evidence, or a request for a change in representation.
 
 
 76
 * * * * * *
 
 
 77
 (b) Subsequent request for a change in representation, request for a personal hearing, or submission of additional evidence — (1) General rule. Subject to the exception in paragraph (b)(2) of this section, following the expiration of the period described in paragraph (a) of this section, the Board of Veterans' Appeals will not accept a request for a change in representation, a request for a personal hearing, or additional evidence except when the appellant demonstrates on motion that there was good cause for the delay.
 
 
 78
 * * * * * *
 
 
 79
 (i) Good cause not shown. If good cause is not shown, the request for a change in representation, the request for a personal hearing, or the additional evidence submitted will be referred to the agency of original jurisdiction upon completion of the Board's action on the pending appeal without action by the Board concerning the request or additional evidence. Any personal hearing granted as a result of a request so referred or any additional evidence so referred may be treated by that agency as the basis for a reopened claim, if appropriate. If the Board denied a benefit sought in the pending appeal and any evidence so referred which was received prior to the date of the Board's decision, or testimony presented at a hearing resulting from a request for a hearing so referred, together with the evidence already of record, is subsequently found to be the basis of an allowance of that benefit, the effective date of the award will be the same as if the benefit had been granted by the Board as a result of the appeal which was pending at the time the hearing request or additional evidence was received.
 
 
 80
 * * * * * *
 
 
 81
 (ii) Good cause shown. If good cause is shown, the request for a change in representation or for a personal hearing will be honored. Any pertinent evidence submitted by the appellant or representative will be accepted, subject to the requirements of paragraph (c) of this section if a simultaneously contested claim is involved.
 
 
 82
 (2) If the Board obtains evidence or considers law not considered by the agency of original jurisdiction. The motion described in paragraph (b)(1) of this section is not required to submit evidence in response to the notice described in paragraph (b) or (c) of Rule 903 (paragraph (b) or (c) of § 20.903 of this part).
 
 
 83
 * * * * * *
 
 
 84
 38 C.F.R. § 20.1304 (2002) (emphases added). Under 38 C.F.R. § 20.1304(a), an appellant may submit additional evidence to the Board for a limited period, which begins when an appeal has been certified to the Board for appellate review and ends ninety days thereafter or when the Board issues its decision, whichever comes first. After that period, § 20.1304(b) requires the appellant to show good cause for the delay to be allowed to submit additional evidence to the Board.
 
 
 85
 NOVA argues that the requirement for good cause by the claimant and ninety-day response period are inconsistent with the notice and time limitations imposed under 38 U.S.C. § 5103. The VA responds that it is rational to require a good-cause showing before accepting evidence after expiration of the ninety-day period, because such a deadline is not contrary to 38 U.S.C. § 5103 and allows the orderly and prompt processing of appeals.
 
 
 86
 Section 20.1304's requirement for good cause and a ninety-day response period does not conflict with § 5103's notice and time limitations. As discussed above, supra Part II.C.1, the notice of required evidence and the one-year period to submit evidence in 38 U.S.C. § 5103 are expressly applicable to information and evidence requested from a claimant by the VA in response to receiving a "complete or substantially complete application." These limitations, however, do not apply to § 20.1304 after the appeal has been certified to the Board where the appellant may submit additional evidence, which was not requested from an appellant by the VA. In short, we find § 20.1304 to be valid.
 
 III. CONCLUSION
 
 87
 We hold that 38 C.F.R. § 19.9(a)(2) is invalid because, in conjunction with the amended regulation codified at 38 C.F.R. § 20.1304, it allows the Board to consider additional evidence without having to remand the case to the AOJ for initial consideration and without having to obtain the appellant's waiver. That is contrary to the requirement of 38 U.S.C. § 7104(a) that "[a]ll questions in a matter which ... is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." Moreover, we hold that 38 C.F.R. § 19.9(a)(2)(ii), which requires the Board "to provide the notice required by 38 U.S.C. [§] 5103(a)" and "not less than 30 days to respond to the notice," is invalid because it is contrary to 38 U.S.C. § 5103(b), which provides the claimant one year to submit evidence. We hold, however, that the other rules challenged by petitioners are valid because they are not arbitrary, capricious, or contrary to law. The petitions for review are therefore
 
 
 88
 
 GRANTED-IN-PART, DENIED-IN-PART, AND REMANDED.