Citation Nr: 1454761 
Decision Date: 12/12/14 Archive Date: 12/17/14

DOCKET NO. 09-31 242 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for esophageal adenocarcinoma, to include as due to herbicide exposure. 

2. Entitlement to service connection for skin cancer, to include as due to herbicide exposure. 

3. Entitlement to service connection for gastroesophageal reflux disease (GERD). 

4. Entitlement to a rating in excess of 30 percent for posttraumatic stress disorder (PTSD). 


REPRESENTATION

Appellant represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

T. Hal Smith, Counsel


INTRODUCTION

The Veteran served on active duty from January 1969 to September 1971. He served in the Republic of Vietnam from December 1969 to November 1970.

These matters are before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Atlanta, Georgia, Regional Office (RO) of the Department of Veterans Affairs (VA). The appeal ensued following an October 2007 rating decision which denied service connection for issues #1, #2, and #3 as listed on the title page of this decision. During the appeal process, service connection was granted for PTSD and a 30 percent disability rating was granted in a January 2012 rating decision. Following an April 2013 claim for increase and a November 2013 rating decision denying an increased rating, the Veteran submitted a timely notice of disagreement (NOD) with that decision. The filing of a NOD initiates the appeal process. See Godfrey v. Brown, 7 Vet. App. 398, 408-10 (1995). The 30 percent rating was confirmed upon rating decision in November 2013. While it appears that a statement of the case (SOC) may have been issued by the RO and a substantive appeal received from the Veteran in response, these documents are not a part of the electronic claims files.

This appeal was processed using the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record. In addition to the VBMS file, there is a Virtual VA paperless claims file associated with the Veteran's claim. 

In October 2014, additional evidence in support of the Veteran's claims was submitted. This submission was not accompanied by a waiver of initial AOJ consideration. See 38 C.F.R. § 20.1304(c) (2014). 

The issues on appeal are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part. 


REMAND

As noted earlier, the Veteran filed a claim for an increased rating for his PTSD that was received by the RO in April 2013. A November 2013 rating decision denied the claim. A notice of disagreement was received from the Veteran in December 2013. Review of the Board's Veterans Appeals Control and Locator System indicates that a SOC was issued in July 2014 and a substantive appeal received from the Veteran in response in August 2014, neither document is a part of the record before the Board on appeal. Accordingly, if documents are missing from the electronic record, they should be attached thereto. If a SOC was not issued in response to the Veteran's NOD, this should be accomplished. See Manlincon v. West, 12 Vet. App. 238 (1999). 

The Board also notes that the Veteran has not yet been provided with a VA examination which addresses whether his post service esophageal carcinoma is related to his military service, including his presumptive Agent Orange exposure during his service. See 38 C.F.R. § 3.307(a)(6)(iii) (2014). In this regard, the Board notes that the Veteran asserts that he has esophageal cancer as a result of his Agent Orange exposures in service and that VA treatment records show esophageal cancer beginning in 2006. See McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006). In addition, the Veteran claims that he has GERD of service origin. He has reported that he was initially seen for gastrointestinal (GI) complaints by VA in the mid-1980s. He said that he was told at that time to take Maalox for his indigestion and for his stomach problems. He believes that he was misdiagnosed and that this was the start of his GI and esophageal problems. This claim will also be subject to the examination requested for esophageal cancer. 

As for the Veteran's claim for skin cancer of service origin, to include due to herbicide exposure, it is noted that the record is devoid of relevant diagnosis until VA records dated in early 2014. At that time, it was noted that he had bilateral symmetrical erythematous patches with scale on both knees. The Veteran was prescribed an ointment. He said that he had had this problem since being exposed to Agent Orange during service. As above, the Veteran has also not been provided with a VA examination which addresses whether he has a skin disorder that is related to military service, including his presumptive Agent Orange exposure. McLendon, supra. 

Finally, as was noted in the Introduction, in October 2014, additional evidence was submitted without a waiver of initial AOJ consideration. The Board will not seek clarification from the Veteran or his representative as to whether he wished to submit such information with a waiver since the claims are being remanded for additional development. On remand, the RO will have the opportunity to review this evidence in the first instance. See Disabled American Veterans, et al. v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003). 

Accordingly, the case is REMANDED for the following action:

1. Issue an SOC to the Veteran and his representative on the claim of entitlement to a rating in excess of 30 percent for PTSD. A copy of any SOC issued should be included in the claims file. This claim should be returned to the Board for further appellate consideration only if the Veteran perfects a timely appeal. 

If a SOC has previously been issued to the Veteran, this document should be attached to the electronic record on appeal, as well as any document filed in response thereto, as well as any other relevant documents.

2. The AOJ should contact the Veteran and request that he identify the names, addresses, and approximate dates of treatment for all VA and non-VA health care providers who have treated him for his esophageal carcinoma, skin cancer and GERD. Any records that are not currently included in the electronic claims files should be obtained and added to the file. With any necessary authorization from the Veteran, the AOJ should attempt to obtain copies of pertinent treatment records identified by the Veteran that are not currently of record. All efforts to obtain these records must be documented in the claims file. If any records cannot be obtained, it should be so stated, and the Veteran is to be informed of such. 

3. Then, the AOJ should schedule the Veteran for appropriate VA examination(s) to determine the nature and etiology of his esophageal cancer and his GERD. The claims file and a copy of this remand should be made available to the examiner(s) in conjunction with any examination conducted. Any medically indicated tests should be accomplished, and all pertinent symptomatology and findings must be reported in detail. The VA examiner(s) should review the STRs, private and VA treatment records, and the Veteran's lay statements pertaining to his symptoms during and after service, and consider the Veteran's presumed in-service exposure to herbicides. The examiner(s) should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran's esophageal cancer or his GERD is of service onset or otherwise related to active duty, to include presumed exposure to herbicides. 

Note to the examiner: In formulating the opinion, it is pointed out that the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it. 

The examiner should provide a rationale for each opinion expressed with reference to the evidence of record. Citation to medical authority/treatise would be helpful. 

4. Then, the AOJ should obtain the appropriate VA examination to assist in determining if the Veteran has currently diagnosed chloracne or other skin disorder that may be etiologically related to service. The claims file and a copy of this remand should be made available to the examiner in conjunction with the examination conducted. Any medically indicated tests should be accomplished, and all pertinent symptomatology and findings must be reported in detail. The VA examiner should review the STRs, private and VA treatment records, and the Veteran's lay statements pertaining to his symptoms during and after service, and consider the Veteran's presumed in-service exposure to herbicides. 

The VA examiner is requested to identify all currently-diagnosed skin disorders and offer the following opinions:

a. Does the Veteran have a current diagnosis of chloracne or any other chronic skin disorder? 

b. If the Veteran has a diagnosed skin disorder, is it more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of 50 percent), or less likely than not (i.e., probability less than 50 percent) that the currently-diagnosed skin disorder began during service or is otherwise related to military service and/or in-service exposure to herbicides? 

The VA examiner should specifically comment on the Veteran's assertions that he has had a rash since service separation. 

Note to the examiner: In formulating these opinions, it is pointed out that the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it. 

The examiner should provide a rationale for each opinion expressed with reference to the evidence of record. Citation to medical authority/treatise would be helpful. 

5. The Veteran should be given adequate notice of the requested examinations which includes advising him of the consequences of his failure to report to the examinations. If he fails to report to any examination, then this fact should be noted in the claims file and a copy of the scheduling of examination notification or refusal to report notice, whichever is applicable, should be obtained by the AOJ and associated with the claims file. 

6. Review all evidence received since the last prior adjudication and readjudicate the Veteran's claims. If any determination remains unfavorable to the Veteran, then the RO should issue a supplemental statement of the case that contains notice of all relevant actions taken, including a summary of the evidence and applicable law and regulations considered pertinent to the issues. An appropriate period of time should be allowed for response by the Veteran and his service representative. Thereafter, the case should be returned to the Board for further appellate consideration, if in order. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 


_________________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).